United States District Court
Southern District of Texas
**ENTERED**
December 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>    Plaintiff, §<br>§<br>v. §  Case No. 1:16-cv-26<br>§<br>REFUGIO AGUILAR, §<br>    Defendant. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff's "Motion for Default Judgment" (Dkt. No. 8), filed on August 9, 2016. The Court ordered the clerk's office to file an Entry of Default against Defendant on September 8, 2016. Dkt. No. 5. An Entry of Default was entered on September 8, 2016. Dkt. No. 6.

### I.   Discussion

A defendant defaults when he fails to plead or otherwise respond to a complaint within the time required by the Federal Rules of Procedure. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). An entry of default is what the clerk enters when the defendant's default is properly established. *Id.* After an entry of default has been entered, a plaintiff may apply for judgment based upon defendant's default; this is default judgment. *Id.*

If a Court issues default judgment, it may conduct hearings if it needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegation by evidence; or (4) investigate any other matter. FED R. CIV. P.

55(b)(2). In this case, a hearing is unnecessary as Plaintiff has provided sufficient information to prove its claim for purposes of obtaining a default judgment.

Plaintiff filed a certified Certificate of Indebtedness indicating that Defendant owes a total debt of $5,199.68, as of April 25, 2014, for a loan disbursed on March 1, 1990 for the amount of $2,625. Dkt. No. 8-2. Plaintiff also filed a promissory note, signed by Defendant for the above-referenced loan, showing that Defendant promised to pay that sum plus interest accrued. Dkt. No. 8-1. The certified Certificate of Indebtedness states that Defendant defaulted on his obligation on December 29, 1992. Dkt. No. 8-2. Plaintiff's counsel, Kyle C. Clifton, provided an additional accounting that certified that legal and process server fees total $625. Dkt. Nos 8-3, 8-4. Thus, the total certified amount Defendant owes equals $5,824.68. *See id.* Based upon its careful consideration of these documents, it is recommended that Plaintiff's Motion be GRANTED and that Plaintiff be awarded judgment for the total sum of $5,824.68.

## IV. Recommendation

For the reasons above, it is recommended that Plaintiff's Motion be GRANTED and that Plaintiff be awarded judgment for the total sum of $5,824.68.

## V. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a

magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Signed on this 1st day of December, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**